## ROSALER v. MANDEVILLE.

(Supreme Court, Appellate Term.   February 28, 1905.)

MORTGAGES—COLLECTION OF RENTS—AGENCY OF COLLECTOR.

> The owners of the equity in property authorized the original mortgagor, who was liable in case of any deficiency, and who was also the collector for the mortgagee, to collect the rents, and to apply the same on taxes and interest on the mortgage, and to pay over the balance to them. This authority was given only on condition that an extension of the mortgage should be obtained, which the mortgagee refused to grant, and was also given to the mortgagor in his personal capacity, and because of his liability on account of the mortgage, and not to him in his capacity as collector for the mortgagee. Both the owners of the equity and the original mortgagor gave defendant authority to rent the property, which he did, and collected the rents. *Held*, that defendant was the agent of, and liable for rents collected to, the owners of the equity, and was not the agent of the mortgagee.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Rosaler against Harry A. Mandeville.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Samuel I. Frankenstein, for appellant.

Rose & Putzel (Benjamin G. Paskus, of counsel), for respondent.

PER CURIAM.   The action is for money had and received by the defendant to the use and benefit of the plaintiff's assignors, who were the owners of the property for the rent of which the moneys in question were collected.   The ownership of such assignors is not disputed.   Neither are the facts that they authorized the defendant to rent the property, that he did so, and that he collected and has in his possession the amount sued for.   The judgment in favor of the defendant was apparently based on the view that the latter successfully made out the defense that he was the agent, not of the owners, but of the mortgagee, and that the mortgagee was in possession of the property, and hence entitled to the rents.   There is no evidence, however, either of such agency or of such possession.   There is testimony that, after the defendant was authorized by the owners of the equity to rent the property, and had undertaken to do so, he had an interview with, and received a like authority from, one Greenfield, who was the maker of the mortgage on the premises, and was still liable in case of any deficiency, and who was the collector for the mortgagee, a brewing company.   Greenfield had some time previously received from the owners authority to collect the rents, and to apply the same on the taxes, water rates, and interest on the mortgage, and to pay over the balance to them.   It is not disputed that even this authority, which falls far short of authority to take possession, was given only on condition that an extension of the mortgage should be obtained, which the mortgagee refused to grant.   Besides, the authority, such as it was, seems to have been given to Greenfield in his personal capacity, and because of his liability on the bond,

and not to the mortgagee, through him as agent. To be sure, he was the mortgagee's collector, but it does not appear that he was acting for the mortgagee in his negotiation with the defendant, on which negotiations the latter relies to make out his defense as against the plaintiff. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.